IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CARRIE ANN HALL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 12-1387-KHV-GLR |
| UNITED STATES OF AMERICA and ) | |
| U.S. ARMY CORPS OF ENGINEERS, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## **MEMORANDUM AND ORDER**

Plaintiff brings suit against the United States of America and the U.S. Army Corps of Engineers, alleging negligence for injuries that she sustained while camping at a park under defendants' maintenance and control. This matter is before the Court on defendants' Motion To Dismiss For Lack Of Subject Matter Jurisdiction (Doc. # 3) filed April 1, 2013. For reasons stated below, the Court grants defendants' motion.

### **Legal Standard**

Federal courts are courts of limited jurisdiction and, as such, must have a statutory or constitutional basis to exercise jurisdiction. Devon Energy Prod. Co., L.P. v. Mosaic Potash, 693 F.3d 1195, 1201 (10th Cir. 2012). The party who seeks to invoke federal jurisdiction bears the burden of establishing that such jurisdiction is proper. Id. Mere conclusory allegations of jurisdiction are not enough. United States ex rel. Hafter, D.O. v. Spectrum Emergency Care, Inc., 190 F.3d 1156, 1160 (10th Cir. 1999).

Generally, a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction takes one of two forms: a facial attack or a factual attack. "First, a facial attack on the complaint's allegations

as to subject matter jurisdiction questions the sufficiency of the complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true." Holt v. United States, 46 F.3d 1000, 1002 (10th Cir. 1995) (internal citation omitted). "Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." Id. at 1003 (internal citations omitted). Here, defendant makes a facial attack by alleging that the statute of limitations bars plaintiff's claim.

**Factual Background**

The complaint alleges the following facts: On May 23, 2009, plaintiff and her family were camping at Big Hill Lake in Cherryvale, Kansas, a park under the maintenance and control of the U.S. Army Corps of Engineers. At the campsite, several anchor bolts that had secured an old fire pit stuck out of the ground near a new fire pit. The bolts protruded several inches from the ground but vegetation obscured them. Plaintiff tripped on the old anchor bolts and fell directly onto the fire. She sustained burns to her left arm and left leg, and she required skin grafting on her left arm.

On May 23, 2011, pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq. ("FTCA"), plaintiff filed an Administrative Tort Claim with the U.S. Army Corps of Engineers. On April 5, 2012, the U.S. Army Claims Service mailed plaintiff's attorney a certified letter which denied plaintiff's claim. On April 9, 2012, Julia Thompson at the office of plaintiff's attorney signed the return receipt for the denial letter. Plaintiff filed her complaint on October 17, 2012.

**Analysis**

**I. Statute of Limitations**

The FTCA provides that a "tort claim against the United States shall be forever barred . . . unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b). Because the FTCA constitutes a waiver of the sovereign immunity of the United States, the Court must strictly construe it in order to prevent expanding the waiver beyond what Congress intended. Pipkin v. U.S. Postal Serv., 951 F.2d 272, 275 (10th Cir. 1991); see United States v. Kubrick, 444 U.S. 111, 117–18 (1979). The statute of limitations is jurisdictional in nature so that if the action is barred, the Court lacks subject matter jurisdiction over plaintiff's claim. See Vaupel v. United States, 491 Fed. App'x 869, 873 (10th Cir. 2012) (citing Bradley v. United States, 951 F.2d 268, 270 (10th Cir. 1991)).

Here, plaintiff does not dispute that she filed her complaint 12 days after the six-month limitations period expired. She alleges that her late filing was due to counsel's miscalculation of the filing deadline upon receiving the denial letter. Plaintiff asserts that the Court should equitably toll the limitations period for 12 days because (1) the late filing does not prejudice defendant; (2) plaintiff's claim is not stale; and (3) the oversight was by plaintiff's counsel and not by plaintiff.

**II. Equitable Tolling**

The doctrine of equitable tolling operates to temporarily suspend the running of the statute of limitations under limited circumstances. See Benge v. United States, 17 F.3d 1286, 1288 (10th Cir. 1994). Equitable tolling is an "exception, not the rule," and should be applied only in limited circumstances. Rotella v. Wood, 528 U.S. 549, 561 (2000); Irwin v. Dep't of Veterans Affairs, 498

U.S. 89, 96 (1990). Although the deadlines in Section 2401(b) are jurisdictional, courts have applied the doctrine of equitable tolling to FTCA claims. See Motley v. United States, 295 F.3d 820, 824 (8th Cir. 2002); Glarner v. United States, 30 F.3d 697, 701 (6th Cir. 1994); see also Irwin, 498 U.S. at 95-96 (equitable tolling doctrine may be applied to federal claims); Pipkin v. U.S. Postal Serv., 951 F.2d 272, 275 (10th Cir. 1991) (equitable considerations may permit extension of time limits on federal claims). But see In re FEMA Trailer Formaldehyde Prods. Liab. Litig., 646 F.3d 185, 189 (5th Cir. 2011) (equitable tolling doctrine does not apply to FTCA cases); Marley v. United States, 567 F.3d 1030, 1032 (9th Cir. 2008) (same); Wukawitz v. United States, 170 F. Supp. 2d 1165, 1168-70 (D. Utah 2001) (same); Laroque v. United States, 750 F. Supp. 181, 184 (E.D.N.C. 1989) (compliance with FTCA statute of limitations is jurisdictional predicate which cannot be tolled). This Court has applied the doctrine of equitable tolling to FTCA claims. See Barnes v. United States, No. 01-3202-KHV, 2004 WL 2203456, at *1 (D. Kan. Sept. 27, 2004), vacated in part on other grounds, 137 Fed. Appx. 184 (10th Cir. 2005).

The United States Supreme Court has established standards for a party seeking equitable tolling of a limitations period. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that [she] has been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [her] way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). Courts decline to equitably toll a statute of limitations for a "garden variety claim of excusable neglect." See Irwin, 498 U.S. at 96. The present matter does not involve "extraordinary circumstances" that prevented plaintiff from timely filing her complaint. Counsel's error in miscalculating the filing deadline does not justify equitably tolling the limitations period under the

prevailing law; as the reason for the untimely filing can be described as a "garden variety claim of excusable neglect" for which tolling is unavailable. See Irwin, 498 U.S. at 96.

In asserting that the Court should equitably toll the limitations period, plaintiff cites Wong v. Beebe, No. Civ. 01-718-ST, 2006 WL 977746 (D. Or. Apr. 10, 2006). In Wong, the U.S. District Court for the District of Oregon held that "[w]here the danger of prejudice to the defendant is absent, and the interests of justice so require, equitable tolling of the limitations period may be appropriate." Id. at *3. Since Wong, however, the Ninth Circuit has held that the FTCA statute of limitations is not subject to equitable tolling because the limitation is jurisdictional in nature. See Marley v. United States, 567 F.3d 1030 (9th Cir. 2009).

Further, Wong is distinguishable. In Wong, plaintiffs timely filed the original complaint but missed the filing deadline for an amended complaint which sought to add an FTCA claim. Id. at *3. For statute of limitations purposes, courts treat amended complaints differently than new complaints: "a separately filed claim, as opposed to an amendment or a supplementary pleading, does not relate back to a previously filed claim." Wright v. United States, No. 94-7117, 1995 WL 12025, at *2 (10th Cir. Jan. 12, 1995); see Fed. R. Civ. P. 15. Further, the deadline for filing an amended complaint in Wong was complicated by "delays inherent in the Magistrate Judge system" and confusion created by the court's ruling date on an unrelated motion. See Wong, 2006 WL 977746, at *4. This case does not involve an amendment to a timely filed complaint; plaintiff failed to file the original complaint before the limitations period expired. Plaintiff alleges that the filing was late because "counsel miscalculated the statute of limitations." Response To Defendant's Motion To Dismiss 3 (Doc. # 8), filed May 6, 2013. Therefore, plaintiff's failure to timely file the action is a result of counsel error rather than extraordinary circumstances or complicating factors as in Wong.

Plaintiff additionally contends that defendant faces no danger of prejudice and that her claims are not stale. Plaintiff's Response (Doc. # 8) at 1, 5. Defendant does not allege prejudice from the untimely filing. Lack of prejudice, however, is not itself sufficient to require equitable tolling. The Supreme Court has held that "although absence of prejudice is a factor to be considered in determining whether the doctrine of equitable tolling should apply. . . it is not an independent basis for invoking the doctrine." Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. 147, 152 (1984). Plaintiff must still generally meet the requirements for equitable tolling. See Pace, 544 U.S. at 418. Because plaintiff has failed to demonstrate extraordinary circumstances which prevented her from timely filing the complaint, lack of prejudice to defendant is insufficient to justify equitable tolling.

Plaintiff asserts that dismissal of the present matter would be inconsistent with the general purpose of statutes of limitations to "ensure that justice is ensured to all parties, defendants included." Doc. # 8 at 6. The FTCA statute of limitations is jurisdictional in nature, however, and cannot be waived. See Bradley, 951 F.2d at 270. The doctrine of equitable tolling is appropriate for extraordinary circumstances which prevent compliance with a statute of limitations and not solely for fairness concerns. See Pace, 544 U.S. at 418. Absent a showing of extraordinary circumstances, plaintiff's fairness arguments are unpersuasive.

Plaintiff argues that the Court should equitably toll the limitations period because the oversight was by plaintiff's counsel and not by plaintiff. This argument is without merit. The Tenth Circuit has held that "attorney negligence is not extraordinary and clients . . . must 'vigilantly oversee,' and ultimately bear responsibility for, their attorneys' actions or failures." Fleming v. Evans, 481 F.3d 1249, 1255 (10th Cir. 2007) (quoting Mordrowski v. Mote, 322 F. 3d 965, 968 (7th Cir. 2003)). Plaintiff is therefore responsible for counsel's miscalculation of the filing deadline.

That miscalculation is not an "extraordinary circumstance" and does not afford plaintiff an equitable tolling of the limitations period. See Pace, 544 U.S. at 418.

Finally, plaintiff contends the Court should not dismiss the case "on a mere technicality" because of counsel's mistake. Doc. # 8 at 6. For support, plaintiff cites Burnett v. New York Central Railroad Co., 380 U.S. 424 (1965). In Burnett, the Supreme Court tolled the limitations period for a claim under the Federal Employers' Liability Act when plaintiff's counsel filed the complaint in the wrong venue. Id. at 428. As in Wong, plaintiff in Burnett timely filed an otherwise defective complaint and was permitted to toll the limitations period for the pendency of the defectively filed matter. See id. Here, however, plaintiff did not timely file a complaint of any sort, defective or otherwise, and instead entirely missed the limitations period. This missed deadline is not a "mere technicality;" it is a failure to meet the jurisdictional requirements set forth in 28 U.S.C. § 2401(b), thereby depriving this Court of subject matter jurisdiction over the claim. See Pipkin, 951 F.2d at 275. Accordingly, defendant United States of America's motion to dismiss is sustained.

Defendant U.S. Army Corps of Engineers also seeks dismissal pursuant to Rule 12(b)(1), Fed. R. Civ. P., on the ground that the United States of America is the only proper defendant to a civil action brought under the FTCA. See, e.g., Aviles v. Lutz, 887 F.2d 1046, 1048 (10th Cir. 1989). Plaintiff does not address this argument. Defendant is correct, and the U.S. Army Corps of Engineer's motion is likewise sustained.

**IT IS THEREFORE ORDERED** that defendants' <u>Motion To Dismiss For Lack Of Subject Matter Jurisdiction</u> (Doc. # 3) filed April 1, 2013, be and hereby is **SUSTAINED**.

Dated this 9th day of August, 2013 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
Kathryn H. Vratil
United States District Judge